J. S03002/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                         :           PENNSYLVANIA
                   v.              :
                                           :
KENNETH DEVORE,             :          No. 1985 EDA 2013
                                           :
                 Appellant      :


Appeal from the Judgment of Sentence, June 24, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0010504-2012


BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND OTT, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 10, 2015**

Kenneth Devore challenges the judgment of sentence entered on June 24, 2013, in the Court of Common Pleas of Philadelphia County. We affirm.

The facts, as summarized by the trial court, are as follows:

> At the [suppression] motion hearing, the Commonwealth presented the testimony of Philadelphia Police Officer George Gee, establishing the following. On August 17, 2012 around 4:25 PM, Officer Gee and his partner were patrolling the high crime area of 2000 South Alden Street in Philadelphia's 12th Police District, as part of their routine tour of duty in a marked police vehicle. At that time, the officer came in contact with [appellant] who was standing with a crowd of males that the officers intended to disperse, on the 2000 block of South Cecil Street. [Appellant] looked in the officer's direction before walking away eastbound on Greenway Street and adjusting his waistband on the right side. On the stand, the

officer demonstrated this "adjusting" motion by taking his right hand, grabbing the right front of his waistband and making a circular motion. The officer continued to observe [appellant] for a few more minutes and during that time, [appellant] again stopped, raised up his right foot, adjusted his pants in a similar manner, and looked in the officer's direction for the second or third time. As the officer proceeded in [appellant's] direction, [appellant] continued onto the 2000 block of Alden Street, adjusted his waistband one more time in the manner previously described. At that time, the officer then told [appellant] to "come here, and [appellant] came to [him]." Believing that [appellant] was carrying a firearm on his person, the officer then touched and recovered a Colt .38 revolver, with the serial number defaced, containing six live rounds, from the area where he had seen [appellant] adjusting himself.

Officer Gee testified credibly that he had been assigned to this area . . . for his entire sixteen year career. He described it as a "very high crime area" explaining that prior to this incident, while patrolling the same block, he had made two other gun arrests and been the first responder on multiple shootings. The officer testified that in his vast experience in this area, he has had at least fifty opportunities to observe individuals making similar movements as those made by [appellant] in "the exact same way" that resulted in the recovery of a firearm. His suspicion of [appellant] was additionally heightened from his own knowledge of carrying a firearm as a police officer. A gun being carried in a holster, as he does while on duty, does not require any adjustment of the waistband. From reliable experience, he knows that "when [most] people adjust their pants, they grab [them] from the sides and pull up, not [just] a specific area [as the appellant did in this instance]."

Trial court opinion, 4/3/14 at 2-3 (citations omitted).

Appellant was arrested and charged with multiple counts of violating the Uniform Firearms Act. On January 22, 2013, appellant litigated a motion to suppress. The trial court denied the motion to suppress and found that, based on Officer Gee's experience, he had reasonable suspicion to believe appellant had a weapon. On May 10, 2013, a bench trial was conducted and the Commonwealth relied on the above-stated evidence. Appellant was convicted of the following firearms offenses: possessing a firearm while prohibited from doing so, possessing a firearm with an altered manufacturer number, firearm not to be carried without a license, and carrying a firearm on the public streets of Philadelphia. Thereafter, appellant was sentenced to five to ten years of probation for carrying a firearm while prohibited, followed by consecutive terms of two years' probation for possessing a firearm with an altered manufacturer number and three years' probation for carrying a firearm without a license. The court imposed a concurrent term of probation for the remaining offense.

A timely notice of appeal was filed, and the following issues have been presented for our review:

> 1. Did the lower court err in denying [appellant's] motion to suppress where the Commonwealth failed to establish that the police had specific and articulable facts upon which to reasonably believe that criminal activity was afoot to support the investigatory detention of [appellant]?
>
> 2. Did the lower court err in denying [appellant's] motion to suppress where the Commonwealth

> failed to show that [appellant] was armed and dangerous and[,] thus[,] lawfully subjected to a ***Terry*** frisk?

Appellant's brief at 4.

The role of this court in reviewing the denial of a suppression motion is well established:

> An appellate court's standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.
>
> ***Commonwealth v. Stevenson***, 894 A.2d 759, 769 (Pa.Super.2006) (citation omitted). Although we are bound by the factual and the credibility determinations of the trial court which have support in the record, we review any legal conclusions ***de novo***. ***Commonwealth v. George***, 878 A.2d 881, 883 (Pa.Super.2005), ***appeal denied***, 586 Pa. 735, 891 A.2d 730 (2005).

***Commonwealth v. Wells***, 916 A.2d 1192, 1194-1195 (Pa.Super. 2007).

We will address appellant's two claims together as they essentially both challenge the same concern: that the officer did not have reasonable suspicion to justify a stop and frisk. There is no dispute between the parties

that the frisk at issue constituted an investigative detention in the nature of a protective weapons search which is governed by *Terry v. Ohio*, 392 U.S. 1 (1968), and requires that police have reasonable suspicion either that criminal activity was afoot or that appellant was armed and dangerous:

> It is well-established that a police officer may conduct a brief investigatory stop of an individual if the officer observes unusual conduct which leads him to reasonably conclude that criminal activity may be afoot. Moreover, if the officer has a reasonable suspicion, based on specific and articulable facts, that the detained individual may be armed and dangerous, the officer may then conduct a frisk of the individual's outer garments for weapons. Since the sole justification for a *Terry* search is the protection of the officer or others nearby, such a protective search must be strictly limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby. Thus, the purpose of this limited search is not to discover evidence, but to allow the officer to pursue his investigation without fear of violence.

*Commonwealth v. Clemens*, 66 A.3d 373, 381 (Pa.Super. 2013), quoting *Commonwealth v. Stevenson*, 744 A.2d 1261, 1264-1265 (Pa. 2000). Reasonable suspicion is determined by the totality of the circumstances. *Id.* As such, each case is fact-specific, but a number of common circumstances have been identified; and where a sufficient number of them coalesce, reasonable suspicion will be found.

Here, we conclude that the investigatory detention was supported by reasonable suspicion of criminal activity and a justifiable belief in the need to protect officer safety. Officer Gee, a 16-year veteran in the police force,

testified that he was patrolling with his partner in the high-crime area of 2000 South Alden Street in Philadelphia's 12th Police District in a marked police vehicle. The officers stopped their vehicle to disperse a group of males; Officer Gee observed appellant, who was in the crowd, continually looking in his direction while adjusting his waistband. (Notes of testimony, 1/22/13 at 8-9.) Appellant turned and walked away; he stopped soon after and adjusted the right side of his pants, looked back and adjusted the right side of his pants again in the exact same motion. (*Id.* at 9.) Officer Gee described, and demonstrated for the court, the manner in which appellant adjusted his waistband, which led him to believe he was in possession of a handgun while in a public area. The officer testified that based on his years of experience, appellant's motion was consistent with a concealed weapon. (*Id.* at 13.)

We have previously determined that "if a suspect engaged in hand movements that police know, based on their experience, are associated with the secreting of a weapon, those movements will buttress the legitimacy of a protective weapons search of the location where the hand movements occurred." ***In Interest of O.J.***, 958 A.2d 561 (Pa.Super. 2008) (***en banc***). Moreover, "whether the defendant was located in a high crime area similarly supports the existence of reasonable suspicion." ***Commonwealth v. Foglia***, 979 A.2d 357, 361 (Pa.Super. 2009) (***en banc***), ***appeal denied***, 990 A.2d 727 (Pa. 2010).

While none of these factors, by themselves, gives rise to reasonable suspicion or is necessarily illegal in nature, when viewed in light of the totality of the circumstances, the officer's suspicion of appellant was reasonable. *See Commonwealth v. Cook*, 735 A.2d 673, 677 (Pa. 1999) (circumstances which alone would be insufficient may combine to show reasonable suspicion).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015