J-A30012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL W. SMITH, SR. | : | |
| | : | |
| Appellant | : | No. 268 WDA 2016 |

Appeal from the Judgment of Sentence January 20, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008831-2015

BEFORE: BOWES, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:　　　　FILED: February 15, 2018

Michael W. Smith, Sr. appeals from the January 20, 2016 judgment of sentence of ninety days imprisonment followed by eighteen months probation, a $1,500 fine, and completion of drug and alcohol treatment and Alcohol Highway Safety School. Sentence was imposed after he was convicted at a stipulated non-jury trial of driving under the influence (DUI) highest rate of alcohol (second offense), DUI general impairment/incapable of safe driving (second offense), and prohibitions in specified places.[1] We affirm.

---

[1] 75 Pa.C.S. § 3353, Prohibitions in Specified Places, provides in pertinent part:

    (a)    General Rule – Except when necessary to avoid conflict with other traffic or to protect the safety of any person or vehicle or

*(Footnote Continued Next Page)*

The trial court succinctly summarized the evidence.

[O]n May 10, 2015, City of Pittsburgh Police Officers, including Officer Dennis Baker, were on duty in the West End of Pittsburgh. Baker was on a call for a female down on a sidewalk when another call came in for a parking complaint close by. Specifically, the complaint was from a resident a 3229 Huxley Street that a Chevy vehicle bearing license plate JLZ6141 was blocking her driveway and she couldn't get out. Due to the nature of the call for the woman down, Officers remained at that scene before a second call came in from the resident at 3229 Huxley regarding the Chevy blocking her driveway. Officers proceeded to the Huxley Street address one hour after the first call from the resident. Upon arrival Officer Baker observed the Chevy vehicle parked in front of the driveway at 3229 Huxley. The defendant was in the driver's seat with loud music playing in the vehicle and when he observed the police he immediately drove off. The complainant/homeowner approached the Officer and said she believed that the defendant was intoxicated.

Officer Baker and his partner followed the defendant's vehicle for two blocks and initiated a traffic stop with the intention of citing the defendant for blocking the complainant's driveway and investigate possible criminal activity. Officers activated their lights and sirens and the defendant pulled over in an area that he claimed was his driveway. The defendant immediately exited his vehicle with his hands in the air and approached the patrol car. Officers told the defendant to stop, yet he continued to approach. His clothes were in disarray, his belt was undone and his shoes untied. His eyes were bloodshot and watery and he had difficulty standing, was holding on to the vehicle to maintain balance and admitted to consuming alcohol earlier in the day. The defendant performed poorly on standardized field sobriety tests and was taken to the station for testing. His blood alcohol was determined to be .364%.

_(Footnote Continued)_ ─────────────────

in compliance with law or the directions of a police officer or traffic-control device, no person shall

. . .
(2) Stand or park a vehicle
(i) in front of a public or private driveway.

Trial Court Opinion, 8/7/17, at 2-3.

Following his arrest, Appellant filed an omnibus pretrial motion in which he sought to suppress evidence based on a lack of reasonable suspicion or probable cause for the traffic stop. Following a hearing, the trial court denied the motion. Appellant proceeded to a non-jury trial and agreed to the incorporation of the evidence from the suppression hearing. The trial court found him guilty of all charges. Following sentencing, Appellant filed a timely notice of appeal. After several extensions due to difficulties in obtaining a transcript of the suppression hearing, Appellant complied with the trial court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant presents one issue for our review: "Did the police have the requisite probable cause to perform a traffic stop of Mr. Smith's vehicle for violating § 3353(A)(2) of the Motor Vehicle Code where there were no reasonable grounds to believe that Mr. Smith was driving under the influence?" Appellant's brief at 5 (unnecessary capitalization omitted).

In reviewing the trial court's denial of a suppression motion,

> We review the denial of a motion to suppress by examining whether the trial court's factual findings are supported by the record. In doing so, we consider all of the Commonwealth's evidence, as the succeeding party, as well as any defense evidence that went uncontradicted. We are bound by any factual findings that are supported by the record. However, we owe no deference to any legal conclusions drawn by the trial court. To the contrary, we review those conclusions *de novo*.

*Commonwealth v. Jacoby*, 170 A.3d 1065 (Pa. 2017) (internal citations omitted).

At issue is the legality of the vehicle stop herein. The following principles inform that determination. In *Commonwealth v. Feczko*, 10 A.3d 1285 (Pa.Super. 2010) (*en banc*), this Court explained that, depending on the circumstances, a police officer must have either reasonable suspicion or probable cause before effectuating a traffic stop. A traffic stop based on a reasonable suspicion of a Motor Vehicle Code violation or criminal activity must serve a stated investigatory purpose. Mere suspicion is not enough where the driver's detention cannot further an investigatory purpose associated with the suspected violation.

The distinction between Motor Vehicle Code offenses that require probable cause and those that require only reasonable suspicion was explained in *Commonwealth v. Salter*, 121 A.3d 987, 993 (Pa.Super. 2015).

> [W]hen considering whether reasonable suspicion or probable cause is required constitutionally to make a vehicle stop, the nature of the violation has to be considered. If it is not necessary to stop the vehicle to establish that a violation of the Vehicle Code has occurred, an officer must possess probable cause to stop the vehicle. Where a violation is suspected, but a stop is necessary to further investigate whether a violation has occurred, an officer need only possess reasonable suspicion to make the stop. Illustrative of these two standards are stops for speeding and DUI. If a vehicle is stopped for speeding, the officer must possess probable cause to stop the vehicle. This is so because when a vehicle is stopped, nothing more can be determined as to the speed of the vehicle when it was observed while travelling upon a highway. On the other hand, if an officer

possesses sufficient knowledge based upon behavior suggestive of DUI, the officer may stop the vehicle upon reasonable suspicion of a Vehicle Code violation, since a stop would provide the officer the needed opportunity to investigate further if the driver was operating under the influence of alcohol or a controlled substance.

This test was further deleniated in *Commonwealth v. Haines*, 166 A.3d 449, 455 (Pa.Super. 2017). We reasoned that, when vehicle stops were effectuated for offenses such as speeding, failing to stay in a single lane, or driving the wrong way on a one way street, it would be unlikely to find further evidence relevant to the offense in the vehicle. In such circumstances, the *Terry*[2] rationale permitting further investigation based on reasonable suspicion did not justify the stop.

The Commonwealth does not dispute that probable cause was necessary to justify the traffic stop based on the Motor Vehicle Code violation for blocking a driveway. Appellant argues first that a vehicle blocking a driveway is a "common" call in that area, and that commission of that offense "in and of itself" is insufficient to establish probable cause to stop Appellant's vehicle. Appellant's brief at 14. In order for the officer to lawfully stop the vehicle for a violation of 75 Pa.C.S. § 3353, Appellant contends that the officer would have had to reasonably believe that Appellant "was committing **another** offense." Appellant's brief at 13 (emphasis added). Appellant then segues into an assertion, without more,

---

[2] *Terry v. Ohio*, 392 U.S. 1 (1968).

that the caller who told police that she believed Appellant was intoxicated did not testify at the suppression hearing.

The Commonwealth counters that, in order to lawfully stop Appellant's vehicle, Officer Baker had to "articulate specific facts possessed by him at the time of the questioned stop, which would provide probable cause to believe that the vehicle or driver was in some violation of some provision of the Vehicle Code." *Commonwealth v. Lindblom*, 854 A.2d 604, 607 (Pa.Super. 2004). In determining whether the officer had probable cause, we should "look to the totality of the circumstances as viewed through the eyes of a reasonable police officer guided by experience and training." *Commonwealth v. Wells*, 916 A.2d 1192 (Pa.Super. 2007). The Commonwealth cites *Commonwealth v. Chase*, 960 A.2d 108, 113 (Pa.Super. 2008), in support of its contention that where a police officer observes a traffic code violation, he has probable cause to stop the vehicle even if the offense is a minor one.

Officer Baker testified that he initiated the traffic stop in order to further investigate and cite Appellant for the violation of 75 Pa.C.S. § 3353(a)(2)(i), which prohibits a person from standing or parking a vehicle in front of a public or private driveway. The suppression court found that Officer Baker articulated sufficient facts in support of a violation, *i.e.*, that Appellant's vehicle blocked the resident's driveway for over an hour.

The notes of testimony from the suppression hearing confirm that Appellant's suppression challenge was limited to the validity of the stop. N.T., 1/7/16, at 3. Officer Dennis Baker testified that he and his partner responded after receiving the second of two dispatches regarding 911 calls reporting a car blocking the caller's driveway. The police were delayed in responding because they were tending to an injured person while waiting for medics to arrive. The complainant had provided a description of the vehicle and its license plate number. Upon arriving, Officer Baker and his partner noted that a vehicle matching the description they had been given was blocking the driveway. Appellant was in the driver's seat and loud music was emanating from the vehicle. When Appellant saw the officers, he drove away. The caller exited her residence and spoke to police. She informed them that she believed that Appellant was intoxicated. The officers followed the vehicle for two blocks and then activated lights and sirens. Appellant stopped his vehicle, exited, and approached the officers, disregarding their direction to stop. Viewing his conduct as threatening, the officers restrained him for their safety. Thereafter, the officers observed indications that Appellant was intoxicated.

Appellant offers no authorities in support of his contention that an observed violation of the Motor Vehicle Code for parking in front of another person's driveway, standing alone, cannot provide probable cause for police to stop the vehicle. To the extent that Appellant is arguing that the Motor

Vehicle Code violation herein is only a secondary offense that alone would not justify the stop, his position is undeveloped and unsupported. ***See e.g. Commonwealth v. Henderson***, 663 A.2d 728, 737 (Pa.Super. 1995) (holding that no violation of the Motor Vehicle Code occurs when a driver or front-seat passenger over the age of four fails to fasten seat belt until the driver simultaneously violates another provision of the Code). Appellant's bald assertion, devoid of "reasoned and developed arguments supported with citations to relevant legal authority," is not reviewable and waived for lack of development. ***Commonwealth v. Spotz***, 18 A.3d 244, 326 (Pa. 2011); ***see also*** Pa.R.A.P. 2119.

We find that the officer articulated specific facts that provided probable cause to believe Appellant violated 75 Pa.C.S. § 3343(a)(2)(i), see footnote 1, supra, and which justified the stop. The officer also confirmed there was no construction on the street or road conditions that would provide a defense to the violation. Hence, the record supports the suppression court's finding that there was probable cause for the vehicle stop, and that the evidence gleaned from the stop was admissible.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/15/2017