J-E01005-18

2019 PA Super 1

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVELLE JOHNSON | : | No. 907 MDA 2016 |

Appeal from the Order Entered May 6, 2016
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000454-2016

BEFORE: BENDER, P.J.E., PANELLA, J., SHOGAN, J., LAZARUS, J., OLSON,
J., STABILE, J., DUBOW, J., KUNSELMAN, J., and MURRAY, J.

DISSENTING OPINION BY LAZARUS, J.: **FILED: JANUARY 3, 2019**

I respectfully dissent. In my opinion, the trial court did not commit an error of law in concluding that Trooper Kaczor did not have probable cause to stop Johnson. I would affirm the court's order granting Johnson's motion to suppress.

The Majority finds the trial court erred because it focused on Trooper Kaczor's subjective motivation for the stop when the proper Fourth Amendment analysis is an objective one. The Majority states the suppression transcript does not reflect a finding that Trooper Kaczor's testimony was not credible. As such, the Majority assumes Trooper Kaczor's credibility without a determination by the trial court. In my view, that assumption is mistaken. The trial court did *not* credit Trooper Kaczor's testimony that his speedometer showed Johnson was driving 70 miles per hour in a 55 mile per hour zone.

In **Commonwealth v. Salter**, 121 A.3d 987 (Pa. Super. 2015), we stated:

> [W]hen considering whether reasonable suspicion or probable cause is required constitutionally to make a vehicle stop, the nature of the violation has to be considered. **If it is not necessary to stop the vehicle to establish that a violation of the Vehicle Code has occurred, an officer must possess probable cause to stop the vehicle.** Where a violation is suspected, but a stop is necessary to further investigate whether a violation has occurred, an officer need only possess reasonable suspicion to make the stop. Illustrative of these two standards are stops for speeding and DUI. **If a vehicle is stopped for speeding, the officer must possess probable cause to stop the vehicle. This is so because when a vehicle is stopped, nothing more can be determined as to the speed of the vehicle when it was observed while travelling upon a highway.**

*Id.* at 993 (emphasis added).

My independent review of the record, which includes the transcript from the suppression hearing and the DVD of the trooper's dash cam video, reveals that Trooper Kaczor testified that he stopped Johnson's vehicle due to an alleged violation of driving on a roadway laned for traffic and for exceeding the posted speed limit. Neither of these violations of the Vehicle Code required further investigation. Accordingly, in order to effectuate a legal stop of Johnson's vehicle, Trooper Kaczor required probable cause. **See Commonwealth v. Busser**, 56 A.3d 419 (Pa. Super. 2012). Thus, the vehicle stop could be constitutionally valid only if Trooper Kaczor could "articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver

was in violation of some provision of the [Vehicle] Code." ***Commonwealth v. Feczko***, 10 A.3d 1285, 1291 (Pa. Super. 2010). Accordingly, here, the focus is on whether, as a matter of law, the suppression court erred in finding that Trooper Kaczor did not have probable cause to stop Johnson and in granting Johnson's motion to suppress.

In determining whether Trooper Kaczor had probable cause, courts look to the totality of the circumstances as viewed through the eyes of a reasonable police officer guided by experience and training. ***Commonwealth v. Wells***, 916 A.2d 1192 (Pa. Super. 2007). Pennsylvania law makes clear, however, that a police officer has probable cause to stop a motor vehicle if the officer observed a violation of the Motor Vehicle Code. ***Feczko***, ***supra.***

Here, at the suppression hearing, Trooper Kaczor testified that he observed a gray Acura "cross over the lines, the roadway lines, multiple times[.]" N.T. Suppression Hearing, 5/4/16, at 6. He further testified that while following Johnson's car for about four miles, he "clocked it with [his] patrol unit, which is certified, going 70 in a 55 mile[] per hour zone." ***Id***. At that point, he and Trooper Kabacinski, who was riding with him, decided to initiate a traffic stop. ***Id.***

When questioned on cross-examination, however, Trooper Kaczor acknowledged that he had nothing to prove that his speedometer was actually

certified. *Id.* at 11.[1]  Further, Trooper Kaczor could not recall how far Johnson's wheels went over the fog line. *Id.* at 14.  He could not recall whether Johnson's wheels were straddling the line. *Id.* at 14.  When asked whether Johnson's wheels were over the center dotted line or just touching it, Trooper Kaczor stated he "believe[d] they were slightly over[,]" but could not recall if that was the case both times. *Id.*  Trooper Kaczor testified that he followed Johnson for about four miles, and that he recalled Johnson's wheels were slightly over the lane line on one or two occasions, *id.* at 14, and agreed at several points that Johnson's wheels were in fact on, and not over, the lane lines. *Id.* at 29-30, 41.

Trooper Kaczor also acknowledged on cross-examination that there is a point in the highway where the fog line disappears for a distance and later reappears, and that at this point Johnson had driven "a steady straight course within his lane of travel[.]" *Id.* at 33.  He stated Johnson's vehicle was "on the dotted line," but that there were no vehicles next to him and that his vehicle did not jerk or swerve. *Id.* at 34, 38.  Moreover, Trooper Kaczor agreed that at points where the highway curves, his view was somewhat obscured. *Id.* at 37.  Contrary to the Majority's statement that because Johnson was speeding, there was probable cause, regardless of the Trooper Kaczor's state of mind, Johnson's speed was not the legal basis for Trooper

---

[1] The requirements for establishing probable cause to stop a vehicle and what evidence is required to prove a violation of the Motor Vehicle Code, i.e., a certified speedometer or speed-timing device, are not lost on this author. *See* 75 Pa.C.S.A. §§ 3368, 6308.

Kaczor's stop. He did not initially communicate to his partner that he was pulling Johnson over for speeding and he did not activate his lights when he observed Johnson exceed the speed limit.

The trial court viewed the dash cam video and determined that it did not bear out any of the trooper's testimony. Trial Court Opinion, 5/6/16, at 5. The court observed that Trooper Kaczor "did not activate his lights to initiate a stop shortly after observing [Johnson] exceed the speed limit[.]" ***Id.*** at 4. The court further stated that "the fact that Trooper Kaczor did not activate his lights to initiate a stop shortly after observing [Johnson] exceed the speed limit, *leads this [c]ourt to conclude that [Johnson] driving his vehicle in excess of the maximum lawful speed on Interstate 83 was not the legal basis for stopping [Johnson's] vehicle*." ***Id.*** at 5 (emphasis added). The court also considered that Trooper Kaczor had recently graduated from the State Police Academy, that he had been patrolling for only three months prior to stopping Johnson's vehicle, and that this was his first DUI arrest. ***Id***. at 13. **See Wells**, **supra**; **see also Commonwealth v. Thompson**, 985 A.2d 928 (Pa. 2009) (holding police officer's experience is relevant factor in determining probable cause).

The trial judge found that the dash cam video was more reliable than the officer's testimony; the judge based her decision to suppress the evidence on her view of the video. I note that the Commonwealth argues that the trial court "credited" the "evidence" that "the trooper clocked [Johnson] driving at a rate of speed of 70 miles per hour in a 55 mile per house zone[.]"

Commonwealth's Brief, at 4, 10, 14-17. The Commonwealth avers, therefore, that it logically follows that the trooper had probable cause to stop Johnson's vehicle for speeding. I disagree, not with the proposed legal conclusion, but with the Commonwealth's assertion that the court credited the trooper's statement as true. The court acknowledged that the trooper testified to this, but the court repeatedly did not find that this was the basis of the stop. The court stated:

> In reviewing the video recording of the vehicle stop from Trooper Kaczor's patrol car, *this Court did not find evidence that Trooper Kaczor initially communicated to [Johnson] that he was being pulled over for exceeding the speed limit*. The [c]ourt observed, in review of the video recording of the vehicle stop, that Trooper Kaczor followed [Johnson] for roughly five (5) miles as he travelled northbound on Interstate 83. *The trooper testified he utilized his speedometer to . . . clock [Johnson's] vehicle at 70 miles per hour. However, the fact that Trooper Kaczor did not activate his light to initiate a stop shortly after observing [Johnson] exceed the speed limit, leads this [c]ourt to conclude that [Johnson] driving his vehicle in excess of the maximum lawful speed on Interstate 83 was not the legal basis for stopping the [Johnson's] vehicle.*

Trial Court Opinion, **supra** at 5 (emphasis added). Though not plainly iterated, I conclude that the court did not "credit" Trooper Kaczor's testimony as true, but only as stated.[2]

---

[2] It is occasionally the case that a judge just does not believe a police officer; here, a clear credibility determination might have foreclosed a Commonwealth appeal and en banc review. In the future, I would caution the trial court not to leave it to the appellate court to interpret the court's meaning.

This Court's standard of review when the Commonwealth appeals a suppression order is limited. "The suppression court's findings of fact bind an appellate court if the record supports those findings." **Commonwealth v. Korn**, 139 A.3d 249, 252-253 (Pa. Super. 2016). Although the suppression court's conclusions of law are not binding on this Court, our duty is to determine if the suppression court properly applied the law to the facts. **Id.**

My review leads me to conclude that the record, including the suppression hearing testimony, the trooper's equivocal testimony, and the dash cam video, supports the suppression court's findings of fact. Further, I find the suppression court properly applied the law to the facts to conclude that Trooper Kaczor failed to articulate specific facts to establish probable cause to stop Johnson's vehicle for a speeding violation under 75 Pa.C.S.A. § 3362(a)(2), or a violation of driving on roadways laned for traffic under 75 Pa.C.S.A. § 3362(a)(2).[3] In my opinion, the circumstances, viewed

---

[3] To be clear, the trial court has confused some of the language pertaining to the two different levels of "cause" required for a vehicle stop. Only reasonable suspicion is required for a stop that requires further investigation, whereas probable cause is required if it is not necessary to stop the vehicle to establish that a violation of the Motor Vehicle Code has occurred, e.g., speeding. **See Feczko**, **supra**; **see also Salter**, **supra** at 993. Here, the Commonwealth is relying on the trooper's "clocking" testimony to support probable cause to stop Johnson for speeding, an offense that requires no further investigation. Notably, the trial court states: "Considering the facts within the totality of the circumstances, this [c]ourt concludes that there are no *articulable and reasonable grounds present* that provided Trooper Kaczor with *reasonable suspicion* to believe that [Johnson] was in violation of the Motor Vehicle Code." Trial Court Opinion, **supra** at 5-6. The "articulable and reasonable grounds" language pertains to probable cause, not reasonable suspicion, and it is clear

objectively, did not justify the stop. The trial court, therefore, properly granted Johnson's motion to suppress.

For these reasons, I dissent. I would affirm the trial court's grant of Johnson's motion to suppress.

Judge Panella, Judge Dubow and Judge Kunselman join this Dissenting Opinion.

---

the trial court meant to state that the trooper did not have probable cause to believe that Johnson had violated the Motor Vehicle Code.