J-A18021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY PHILIP SHUSTER | : | |
| | : | |
| Appellant | : | No. 1473 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 28, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003462-2019

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                      **FILED AUGUST 20, 2020**

Appellant, Gregory Philip Shuster, appeals from the Judgment of Sentence of ninety days of intermediate punishment followed by nine months of probation, imposed on August 28, 2019, by the Allegheny County Court of Common Pleas following his conviction for Driving Under the Influence ("DUI") of a Controlled Substance.[1]  Appellant challenges the denial of his Motion to Suppress the test results of a blood draw performed with his consent.  Upon review, we discern no error in the suppression court's conclusion that police had probable cause to arrest Appellant for suspicion of DUI.  Thus, we affirm.

We adopt the following statement of facts from the suppression court's Opinion, whose findings are supported by the record:

---

[1] 75 Pa.C.S. § 3802(d)(1).

On December 7, 2018, at approximately 9:00 p.m., police officers responded to a serious accident involving two cars, one of which was driven by Appellant. Officer Ian Lucas was the first to respond. He observed extensive damage to Appellant's car. In addition, upon approaching the car and speaking with Appellant, Officer Lucas observed that Appellant had suffered injuries to his head and knee. He later learned that Appellant had also suffered severe chest trauma during the accident. Officer Lucas has extensive experience investigating DUI cases. Upon interacting with Appellant, Officer Lucas observed that the smell of alcohol was readily apparent on Appellant.

Officer Brian Erikson arrived at the scene shortly thereafter. Officer Erikson also has DUI-investigative experience. He observed the same injuries to Appellant and noticed a strong odor of alcohol coming from inside Appellant's vehicle. Appellant informed Officer Erikson that he was returning home from a local restaurant, where he had consumed two, sixteen-ounce IPA-style beers. The restaurant is located approximately one mile from the scene of the accident.

Due to the nature of Appellant's injuries—to his head and knee—Officer Erikson did not administer field sobriety tests. According to the officer, Appellant's disorientation and inability to move effectively could render the results of field tests inaccurate.

Appellant was transported to a hospital for treatment. At the hospital, Officer Erickson read a DL-26B Form in its entirety to Appellant, who thereafter

signed the DL-26B Form and consented to a blood draw. *See* Suppression Ct. Op., 12/5/19, at 2-3.

The test results of the blood draw revealed that Appellant's blood alcohol content was .152 percent and further found the presence of delta-9 THC, a Schedule I substance, and delta-9 carboxy, a metabolite. *See* N.T. Suppression and Trial, 8/28/19, at 45.

Appellant filed a Motion to Suppress the test results. Following a hearing, the lower court denied Appellant's Motion, proceeded to a bench trial, and found Appellant guilty as charged.[2] The court imposed sentence as set forth above.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The lower court issued a responsive Opinion.

Appellant raises the following issue on appeal:

Whether the [suppression] court erred in denying [Appellant's] Motion to Suppress where the police did not have a warrant to arrest [Appellant] for DUI, [Appellant] was not at fault for the accident, the police did not have [Appellant] perform any field sobriety tests or take a breathalyzer test, and there was no evidence that [Appellant] had bloodshot glassy eyes or slurred speech[.]

Appellant's Br. at 6 (unnecessary capitalization and emphasis removed).

---

[2] The court also found Appellant guilty of four additional counts of DUI but imposed no sentence. *See* Order of Sentence, 8/28/19 (convicting Appellant of 75 Pa.C.S. § 3802(a)(1), (b), (d)(2), (d)(3)). Initially, the Commonwealth also had charged Appellant with Accident Involving Damage to Attended Vehicle and Driving at Safe Speed. *See* 75 Pa.C.S. §§ 3743(a), 3361, respectively. The Commonwealth withdrew those charges prior to trial.

We review the suppression court's decision to deny a motion to suppress to determine "whether [its] factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Milburn*, 191 A.3d 891, 897 (Pa. Super. 2018) (citation omitted). "Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Freeman*, 150 A.3d 32, 34 (Pa. Super. 2016) (citation omitted). We are bound by the suppression court's factual findings where they are supported by the record, and we may reverse only if the court's legal conclusions are erroneous. *Id.* at 35.

"Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, 'whose duty it is to determine if the suppression court properly applied the law to the facts.'" *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (citations omitted). "Thus, the conclusions of law of the courts below are subject to our plenary review." *Id.* (citations omitted).

In this case, Appellant does not dispute the suppression court's factual findings. Rather, Appellant contends that the Commonwealth failed to demonstrate that the investigating officers who arrived at the scene of

Appellant's accident had probable cause to arrest him for DUI. **See** Appellant's Br. at 15.

"To be constitutionally valid, a warrantless arrest must, of course, be supported by probable cause." **Commonwealth v. Evans**, 685 A.2d 535, 537 (Pa. 1996) (opinion in support of affirmance) (citation omitted). In the context of a DUI investigation, "[p]robable cause exists where a police officer has knowledge of sufficient facts and circumstances to warrant a prudent person to believe that a driver has been driving under the influence of alcohol or a controlled substance." **Commonwealth v. Maguire**, 175 A.3d 288, 294 (Pa. Super. 2017) (citation and brackets omitted). "A police officer may utilize both his experience and personal observations to render an opinion as to whether a person is intoxicated." **Id.** (citation and brackets omitted); **see also Commonwealth v. Wells**, 916 A.2d 1192, 1195 (Pa. Super. 2007) (noting that trained police officers may draw commonsensical inferences from the facts). "Probable cause justifying a warrantless arrest for DUI is determined by the totality of the circumstances." **Maguire**, 175 A.3d at 294 (citation and internal quotation marks omitted).

Importantly, probable cause is not a *prima facie* showing of criminal activity. **Commonwealth v. Thompson**, 985 A.2d 928, 931 (Pa. 2009). "Probable cause exists when criminality is one reasonable inference; it need not be the only, or even the most likely, inference." **Commonwealth v. Quiles**, 619 A.2d 291, 298 (Pa. Super. 1993) (citations omitted); **see also Commonwealth v. Moss**, 543 A.2d 514, 518 (Pa. 1988) (noting that the fact

that other inferences could be drawn does not demonstrate that the inference that was drawn by police was unreasonable).

In denying Appellant's Motion to Suppress, the suppression court reasoned as follows:

> [B]oth Officer Erickson and Officer Lucas observed the odor of alcohol upon [Appellant] when they approached [him]. Officer Erickson testified that he made a determination, based upon his knowledge, experience, and the totality of the circumstances involved, that [Appellant] was incapable of safe driving at that time. Specifically, Officer Erickson had observed that [Appellant] had been involved in a car accident, that [Appellant] smelled of alcohol, and that [Appellant] had admitted to drinking alcohol at a location approximately one mile away that he had just left. These facts and circumstances would certainly permit a person of reasonable caution to believe that [Appellant] had committed the offense of DUI. [Appellant] cites to no case law that establishes the necessity of the performance of field sobriety tests, and this [c]ourt finds Officer Erickson's testimony credible with respect to the efficacy, or lack thereof, of such tests in light of [Appellant's] injuries. When considering the totality of the circumstances, it is clear that Officer Erickson had probable cause to arrest [Appellant] for DUI. Accordingly, the Commonwealth met its burden of establishing that the blood draw was admissible, and this [c]ourt denied [Appellant's] Motion to Suppress.

Suppression Ct. Op. at 5-6.

Appellant levies several arguments purportedly challenging the suppression court's conclusions. *See* Appellant's Br. at 15-31. Upon close review, however, the essence of these arguments is that typical DUI cases involve additional facts or observations from investigating officers that lend greater weight to their probable cause determination. *See id.* at 22-23 (compiling cases with "common factual considerations"). According to

Appellant, the absence of certain facts or observations typically found in DUI cases militates against probable cause in this case. ***See id.***

These arguments misconstrue our standard of review. We do not focus on the presence or absence of any one or two particular facts. Moreover, we will not render a decision "devoid of commonsensical inferences[.]" ***Wells***, 916 A.2d at 1195 (citation and brackets omitted). Rather, we examine the totality of circumstances and ask whether a reasonably prudent officer had probable cause to believe that the defendant was intoxicated.

In this case, the evidence established that Appellant smelled of alcohol and admitted to consuming alcohol shortly before driving his car and becoming involved in a serious accident. Based on the totality of these circumstances, it was reasonable for Officer Erikson to infer that Appellant had been driving while under the influence of alcohol. Thus, we conclude that the suppression court properly denied Appellant's Motion to Suppress.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2020

- 7 -