J-S31025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
WADI THOMAS :
:
Appellant : No. 2650 EDA 2024

Appeal from the Judgment of Sentence Entered August 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001243-2024

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 17, 2025**

Appellant Wadi Thomas appeals from the judgment of sentence entered in the Philadelphia Court of Common Pleas after the court found him guilty of Unlawful Sales of Liquor, Conspiracy, Firearms Not to be Carried Without License, and Person Not to Possess Firearms.[1] He challenges the denial of his suppression motion and the legality of his sentence. After careful review, we affirm the denial of Appellant's suppression motion and vacate and remand for resentencing.

Following an anonymous complaint regarding an illegal speakeasy operating at what appeared to be an abandoned home located at 2808 Germantown Avenue, Philadelphia police officers assigned to the vice squad conducted surveillance outside of the building for approximately a month.

_____

[1] 47 P.S. § 4-491, 18 Pa.C.S. §§ 903, 6106, and 6105, respectively.

They observed the building had no signage on the outside and watched as employees arrived around midnight carrying ice and boxes. Customers arrived between 12:30 and 1:00 AM. The officers determined that the location did not have a liquor license.

On February 4, 2024, Police Officer Carin Perez, who since 2019 had participated in numerous investigations of illegal speakeasies in Philadelphia, went undercover with her partner to the building around 1:00 AM with back-up officers outside the building. When Officer Perez and her partner approached the door to enter the building, a man frisked them outside and they were then allowed inside the vestibule. Once in the vestibule, they purchased entry tickets for $20 each from a woman behind a window. Upon entering the main room of the building, they noticed a security guard named Purnell wearing all black with a tactical vest and a gun on his hip standing to the right of the doorway near a DJ. The officers further noticed tables, about 50 customers milling about, and a bar set up at the back of the room with two people acting as bartenders. Officer Perez and her partner twice bought drinks from the bar and observed Purnell and Appellant, also dressed in black, appearing to "monitor" the customers, *i.e.*, "walking around from back to front looking at everyone." N.T. Supp. Hr'g, 5/3/24, at 9-10. Based on her experience, Officer Perez determined that Appellant and Purnell were working as security guards for the establishment. Officer Perez took photos of Appellant, Purnell, and the other employees and sent the photos to the back-

up officers outside the building.  After approximately 40 minutes, Officer Perez called for the back-up officers to come inside to effectuate arrests.

When the arresting police officers entered the building, Appellant attempted to run out of the building, but Police Officer Aliyah Glover recognized him from Officer Perez's photograph and stopped him.  After he refused to take his hands out of his pockets, Officer Glover patted him down and felt a metal object in a satchel that was strapped across his body and recovered a firearm.   Other police officers determined that Appellant did not have a license to carry a firearm and was, in fact, a person not to possess. The Commonwealth arrested him and charged him with the above offenses.

Appellant filed a suppression motion, alleging that he was arrested without probable cause.  On May 3, 2024, the court held a hearing on the motion, at which Officers Perez and Glover testified.  The court denied the suppression motion.

Appellant proceeded to a waiver trial, after which the court found him guilty of the above offenses.  The court deferred sentencing pending a pre-sentence investigation.

On August 29, 2024, the court sentenced Appellant to 11½ to 23 months' incarceration plus four years' probation for violation of Section 6105, Persons Not to Possess.  The court also imposed a term of five years' probation for the conspiracy conviction and five years' probation for the Section 6106 violation. The court ordered the probationary terms to be served concurrently. The court imposed no further penalty for the unlawful sales of liquor.

Appellant timely appealed. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did police have probable cause to arrest [Appellant] for conspiracy and the underlying charge of unlawful sales of liquor after observing him walking and looking around an establishment that was illegally selling alcohol?

2. Did the trial court err in grading [Appellant's] conviction for conspiracy as a felony of the third degree at sentencing and imposing 5 years' probation where the conspiracy was related to his conviction for unlawful sales of liquor, 47 P.S. §4-491, which is an ungraded misdemeanor that carries a maximum penalty of one year imprisonment?

Appellant's Br. at 3.

Appellant first argues that his arrest was not supported by probable cause because Officer Perez merely observed Appellant walking and looking around the establishment on the night of the raid. Appellant's Br. at 12. He contends that his arrest was "based on no more than a hunch that he was a co-conspirator to the unlawful sales of liquor," and Officer Perez's testimony—that she had identified Appellant as a security guard because she had participated in hundreds of speakeasy investigations and had observed the individuals working security in them—"was cursory at best." *Id*. at 12-13.

We review the suppression court's decision to deny a motion to suppress to determine "whether [its] factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Milburn*, 191 A.3d 891, 897 (Pa. Super. 2018)

- 4 -

(citation omitted). "Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Freeman*, 150 A.3d 32, 34 (Pa. Super. 2016) (citation omitted). We are bound by the suppression court's factual findings where they are supported by the record, and we may reverse only if the court's legal conclusions are erroneous. *Id.* at 35. Finally, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v. Clemens*, 66 A.3d 373, 378 (Pa. Super. 2013) (citation omitted).

A lawful warrantless arrest must be based on probable cause. *Commonwealth v. Hicks*, 208 A.3d 916, 927 (Pa. 2019). "Probable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Commonwealth v. Burno*, 154 A.3d 764, 781 (Pa. 2017) (quotation marks and citations omitted). "The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require *only a probability*, and not a *prima facie* showing, of criminal activity." *Id.* (quotation marks and citations omitted) (emphasis added).

"Whether probable cause exists is a highly fact-sensitive inquiry that must be based on the totality of the circumstances as viewed through the eyes of a prudent, reasonable, cautious police officer guided by experience and training." *Commonwealth v. Wells,* 916 A.2d 1192, 1195 (Pa. Super. 2007).

Here, the suppression court made the following findings of fact on the record:

> I find that Officer Perez [ ] is an experienced officer in the area of Vice. She has conducted hundreds of or numerous . . . investigations of alleged illegal speakeasies.
>
> In this case, she had observed the building that was ultimately raided for between a month and a month-and-a-half. She described it as something that looked like it was abandoned from the outside and that they had made observations that led them to believe that it was a speakeasy on the day in question[.]
>
> She testifies, and I believe her[,] that she went in there and she paid to go in there and she was served alcohol. She also then testified that she observed [Appellant] walking back and forth, and monitoring the room; meaning keeping an eye on people and otherwise making sure that there are no problems in the area. Based on her experience of observing security in speakeasies before[,] she believed that that is what he was doing. I believe that that is reasonably trustworthy information to warrant a belief that this defendant was in fact participating in the operation of the speakeasy. As such, I find there was probable cause for his arrest.

N.T. Supp. Hr'g at 94-96; *see also* Tr. Ct. Op., 1/9/25, at 13-15 (reiterating its findings of fact).

Appellant argues that "the facts and circumstances combined with the officer's experience were insufficient to establish probable cause" to arrest him for participating in a conspiracy to sell liquor illegally. Appellant's Br. at 12.

He contends that (1) he "was doing nothing more than any other person in the establishment who was not visibly serving patrons," *i.e.*, "walking around and people watching," (2) his behavior was not criminal in nature, and (3) "police arrested him for simply being present in a place where alcohol was being sold illegally." *Id*. at 14-15. He cites **Commonwealth v. Thompson**, 985 A.2d 928, 935 (Pa. 2009), as instructive for setting "the standard that an officer's experience 'may fairly be regarded as a relevant factor for determining probable cause.'" Appellant's Br. at 14 (quoting *id.* at 935).[2]

Following our review of the notes of testimony from the suppression hearing, we conclude that the suppression court's factual findings are supported by the record and its legal conclusions drawn from those facts are correct. The court considered Officer Perez's experience as one factor in its review of the totality of the circumstances. Those circumstances included a complaint of an illegal speakeasy operating from a building that looked abandoned, prior surveillance of the building showing people going in and out in the early morning hours, no signage on the outside of the building, no liquor license associated with the building, Officer Perez's purchase of alcoholic drinks poured directly from a bottle carrying a Hennessy label, and her

_____

[2] In **Thompson**, the Pennsylvania Supreme Court affirmed this Court's determination that the officer's experience and the other factors provided probable cause to arrest the appellant, reiterating that police officer experience is fairly considered as a factor in a totality of the circumstances analysis in determining the existence of probable cause, so long as there is a "nexus" between the officer's experience and the arrest. 985 A.2d at 935-36.

testimony that she believed Appellant was working as a security guard based on her observations of his behavior and her experience as a vice officer who had investigated numerous establishments illegally serving alcohol and observed the security operations in those establishments.[3]  As observed in **Burno**, we require only a probability, not a *prima facie* showing, that Appellant was engaged in criminal activity.  154 A.3d at 781.  Accordingly, based on the totality of the circumstances, we conclude that the suppression court properly denied Appellant's motion to suppress.

In Appellant's second issue, Appellant challenges the court's imposition of a sentence of five years' probation based on its grading the conspiracy offense as a felony of the third degree.  Appellant's Br. at 17.  He notes that the conspiracy related to the unlawful sale of liquor, an ungraded misdemeanor, for which the maximum permissible sentence is one year of imprisonment, and thus his conspiracy conviction should have received no more than one year of supervision.  **Id.** at 17-18 (citing 47 P.S. § 4-494(a)).

The trial court agrees that it imposed an illegal sentence, acknowledging that it mistakenly connected the conspiracy conviction to Appellant's firearms offense, a third-degree felony, and thus imposed the penalty established by 18 Pa.C.S. § 1103(3).  Tr. Ct. Op. at 15.  We agree that the court imposed an illegal sentence for the conspiracy conviction.

_____

[3] The suppression court did not reference Officer Glover's suppression testimony in its findings of fact and conclusions of law.

18 Pa.C.S. § 905(a) provides that conspiracy offenses carry the same grading "as the most serious offense which is . . . an object of the conspiracy." 47 P.S. § 4-494(a) provides that a violation of the Liquor Code is a misdemeanor that subjects a violator to, *inter alia*, a minimum sentence of one month of incarceration and a maximum of three months of incarceration. *See also Commonwealth v. Hoke*, 962 A.2d 664, 668 (Pa. 2009) (observing that the legislature equated conspiracy and other inchoate crimes with the grades and degrees of the underlying crimes which "means that inchoate crimes have the same *maximum* sentences as the underlying crimes to which they relate"). Thus, when a court imposes probation as an alternative to incarceration, the length of the term of probation may not exceed the allowable statutory maximum term for which offender could be confined. 42 Pa.C.S. § 9754(a).

Since Appellant's liquor code violation carries a maximum term of three months' incarceration, the court's imposition of 5 years' probation was illegal. Accordingly, we vacate judgment of sentence and remand to the trial court for resentencing.

Order denying motion to suppress affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/17/2025</u>